UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES J. BICKING, IV,

      Plaintiff,

      v.

GRASS VALLEY SCHOOL DISTRICT, et al.,

      Defendants.

No.  2:26-cv-2011 TLN AC PS

ORDER

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

## I.  SCREENING

### A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.    The Complaint

Plaintiff is suing the Grass Valley School District and Officer Sara Perry, a school resource officer. ECF No. 1 at 2. Plaintiff alleges the violation of several federal laws, including 18 U.S.C. § 241, 18 U.S.C. § 242, and 42 U.S.C. §§ 1983, 1985, and 1986 and Title VI-IV. Id. at 4. Plaintiff also alleges violations of California Education Code 49056 (mandatory recess rules). Id. Plaintiff lists his minor children as co-plaintiffs. Id. at 1.

Plaintiff alleges that on September 24, 2025, his youngest son's teacher emailed him to assist with a "Jog-a-thon" at the school, and plaintiff agreed to be there. Id. at 8. On the day of the event, plaintiff was approached by the school principal, who said that plaintiff was observed by another staff member aggressively laying his hands on a student who was not his own child. Id. The principal told plaintiff that he would be escorted to the office and signed out, and could not return to campus. Id. Plaintiff immediately left and took his son with him, heading straight to the Grass Valley School District office. Id.

Plaintiff filed a complaint the next day. Id. The District investigated the allegation and eventually found no wrongdoing on plaintiff's part. Id. Over the course of the next school year, plaintiff noticed a pattern in the number of times per week his son was punished, with the frequency increasing after plaintiff would pay a visit to the district office regarding the teachers' behavior. Id. On multiple occasions plaintiff's son was denied the ability to use the restroom during class time, and if he did, he would have to sit on the wall at recess in the hot sun or at a table where there might or might not be shade. Id. This caused plaintiff's son to urinate on himself on several occasions. Id. Plaintiff's son has known disabilities: an auditory problem in his left ear and scoliosis, for which he receives treatment. Id. at 9.

On April 23, 2026, plaintiff drove his sons to school, and the younger child did not want

3

to go because he was scared of the teachers.  Plaintiff made another complaint at the District office.  Id.  The next day, plaintiff brought his son to the District office, and he and his son spoke with district personnel about the issues described above.  Then, on April 28, 2026, plaintiff's son reported that he had recess taken away again and was told the reason for this punishment was that the child "owed" the teacher.  Id. at 11.  Plaintiff sent an email to the teacher expressing anger over the recess punishment and expressing frustration with the teacher's refusal to spend time talking to him.  ECF No. 1 at 13.  Plaintiff closed the email with "You have plenty of time you lying sack of shit!!  FAFO!  Punish my kid without calling me or anything anymore this year.  I dare you!!  You piece of shit!!  I'm not fucking playing with you.  FAFO!!"  Id.

On April 29, 2026, plaintiff received a phone call from the Superintendent of the Grass Valley School District stating that plaintiff's email to the teacher was threatening and offensive and notifying him that he was temporarily barred from all Grass Valley School District Campuses, unless plaintiff met with resources officer Sarah Perry.  Id. at 11.  Plaintiff called the Superintendent, and they agreed to meet that day to discuss District's position, which plaintiff alleged was unconstitutional.  Id.  At the meeting, plaintiff was informed by the Superintendent that he had violated the District's "Civility Policy" and that he was banned from school office areas for one month, but that he was allowed to be in the parking lot.  Id.  Officer Perry told plaintiff that if he returned, he would be arrested.  Id.  Plaintiff alleges that the District's actions violate his First Amendment constitutional rights and his rights as a father.  Id.

    C.   Plaintiff Sufficiently Presents a First Amendment Claim against the District

Plaintiff alleges that the District's application of the school civility policy to bar him from its campuses, and the policy itself, violate the First Amendment right to freedom of speech.  ECF No. 1 at 11.[1]  Plaintiff asserts this constitutional claim under 42 U.S.C. § 1983, which provides a

---

[1] Plaintiff cites Cohen v. California, but Cohen is easily distinguished does not support his claim. Cohen is a 1971 Supreme Court case in which the appellant was convicted of violating a California criminal law against disturbing the peace, because he wore a jacket bearing the words "Fuck the Draft" in a courthouse where women and children were present.  Cohen v. California, 403 U.S. 15, 16 (1971).  The Supreme Court reasoned in part that the California law was unconstitutionally applied because Cohen's message (unlike plaintiff's message) was a general political statement and not directed to any specific individual.

cause of action for the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States by a person acting "under color of any statute." Gomez v. Toledo, 446 U.S. 635, 638 (1980). Section 1983 claims must demonstrate the defendant (1) acted under color of state law and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. See Lindke v. Freed, 601 U.S. 187, 194 (2024). "The First Amendment, applied to the states through the Fourteenth Amendment, prohibits laws 'abridging the freedom of speech.'" Anderson v. City of Hermosa Beach, 621 F.3d 1051, 1058 (9th Cir. 2010) (citing U.S. Const. amend. I).

Here, plaintiff provided with his complaint a copy of the message sent to his son's teacher, and a copy of the school civility policy. ECF No. 1 at 13-14. Plaintiff also provided the letter he was sent by the District informing him of his 30 day restriction from district campuses beyond the parking areas. ECF No. 1 at 15-16. The letter stated that plaintiff's statement ("I have watched you time and time again stand there in the mornings talking to the girl that stands outside the drop off line bullshitting with her for 10-15 minutes at a time, You have plenty of time you lying sack of shit!! FAFO! Punish my kid without calling me or anything any more this year. I dare you!! You piece of shit!! I'm not fucking playing with you. FAFO") was "threatening and led staff to believe you may harm them if they don't comply with their directives." Id. at 1. The letter indicates that during the meeting between plaintiff and the Superintendent, plaintiff confirmed that "FAFO" was intended to mean "fuck around and find out!" Id. at 16. In the complaint plaintiff contends the speech was not a threat, stating "Mr. Withers is saying my email to Mr. Metzger as threatening and disrespectful. He says that 'I dare you' is a threat and that my curse words are disrespectful. Who is he – my daddy? I don't think so." Id. at 11. Plaintiff contends his words were only a dare: "I could say, 'Go climb a tree, I dare you.' Is that a threat? No, it's a 'dare' only." Id.

Ninth Circuit recently permitted a First Amendment retaliation claim to proceed against a School District based on a civility policy similar to the one at issue here. Hartzell v. Marana Unified Sch. Dist., 130 F.4th 722, 748 (9th Cir.), cert. denied, 146 S. Ct. 298 (2025). Without expressing any opinion as to the merits of plaintiff's First Amendment claim, the undersigned

5

finds that it is sufficiently cognizable for screening purposes.

D.    Problems With the Complaint

1.    Plaintiff Cannot Represent His Children

Although plaintiff named his minor children as plaintiffs in the caption of the case, plaintiff is not able to bring a claim on behalf of his minor children because he may not represent others while appearing pro se.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself").  Accordingly, plaintiff's sons may not proceed as plaintiffs in this case unless plaintiff retains a lawyer to represent them.

2.    Plaintiff Cannot Bring Criminal Causes of Action

Plaintiff purports to assert claims under 18 U.S.C. § 241 (conspiracy against rights) and § 242 (deprivation of rights under color of law).  Both of these are criminal statutes, violations of which may result in fines and/or imprisonment when charged by the appropriate prosecuting authority.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997).  Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  Plaintiff therefore cannot pursue the claims presented in the complaint which are based on alleged violations of the criminal code.

3.    Plaintiff Does Not State a Claim Under 42 U.S.C. § 1985 or § 1986

Plaintiff does not  state a claim under § 1985 or § 1986.  Section 1985 prohibits conspiracies to interfere with civil rights.  "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy."  Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotations omitted).  Conclusory allegations that the defendants conspired and acted in concert to violate plaintiff's rights fail to state a claim.  See Twombly, 550 U.S. at 555-557

6

(naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim).  In addition, to state a claim under 42 U.S.C. § 1985(2) or (3), plaintiff must allege a conspiracy motivated by racial or class-based, invidious animus.  See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993) (section 1985(3)); Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993) (second clause of section 1985(2)).  "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation.  A claim can be stated under section 1986 *only if the complaint contains a valid claim under section 1985*."  Karim-Panehi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988) (emphasis added).  Plaintiff's § 1986 claim, therefore, is dependent on his § 1985 claim.

The complaint as drafted does not make any clear allegations regarding conspiracy.  The facts as presented, on their own, do not indicate that there was a conspiracy.  Because the complaint is devoid of facts related to conspiracy, plaintiff's §1985 and §1986 claims cannot be served.

4.   Plaintiff Does Not Allege Enough Facts Against Perry to Support a Claim

Though plaintiff names Officer Perry as a defendant, he makes scant references to her in the complaint itself.  The only allegation against Perry is that after the District temporarily banned him from its campuses, Perry informed plaintiff that the consequence of violating the District's ban was that she would arrest him.  ECF No. 1 at 11.  This single statement, without more, is insufficient; the allegation lacks the requisite "linkage" to support a civil rights claim.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a specific defendant's actions and the claimed

7

deprivation.  Rizzo v. Goode, 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, supra, 588 F.2d at 743.  The limited allegation here does not support a claim that Perry violated plaintiff's rights.

5.   Federal Claims Under "Title IV-VI"

The facts alleged in the complaint do not support a claim under either Title VI, which prohibits discrimination based on race, or title XI, which prohibits discrimination based on sex. To state a claim for damages under Title VI, a plaintiff must allege that: (1) the entity involved is engaging in racial discrimination, and (2) the entity involved is receiving federal financial assistance.  Fobbs v. Holy Cross Health System Corp., 29 F.3d 1439, 1447 (9th Cir.1994), overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir.2001).  Title XI, with certain exceptions, prohibits public schools from discriminating based on sex, including prohibitions against sexual harassment.  Roe ex rel. Callahan v. Gustine Unified Sch. Dist., 678 F. Supp. 2d 1008, 1024 (E.D. Cal. 2009).  Plaintiff's allegations do not state a claim under either of these laws.

6.   California Education Code 49056

Plaintiff sues for violations of California Education Code, which limits the circumstances under which elementary school students may be denied recess.  ECF No. 1 at 4.  The Eleventh Amendment prohibits a federal district court from considering a claim that the State itself violated State law, and this prohibition applies even where a federal court would otherwise have pendant jurisdiction over a state law claim.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121, 919 (1984).  Plaintiff's allegations that the District, an arm of the State, violated State law by depriving his children of recess, can not be considered in this court.

### IV.  OPTION TO PROCEED OR AMEND

For the reasons set forth above, the court finds that the complaint states a cognizable claim against the Grass Valley School District for violation of plaintiff's First Amendment rights. Plaintiff does not, however, state any other viable claims.  Because plaintiff may be able to allege additional facts to support other claims, however, he will be given the opportunity to amend the complaint if he desires.

Alternatively, plaintiff may proceed immediately on his First Amendment claim against the District only, on behalf of himself only, dismissing all other claims and defendants.

Plaintiff must file a notice with the court stating how he wishes to proceed.

If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his First Amendment claim against defendants on behalf of himself only, without amending the complaint, the court will proceed to serve the complaint. *A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims and defendants.*

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the elements of each claim and specifying the involvement of each named defendant. It must contain a short and plain statement of each of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendants legally wronged the plaintiffs. Plaintiffs may bring the amended complaint on behalf of themselves only, and not their minor children.

The amended complaint must not force the court and the defendants to guess what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support

9

the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiffs' amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. PRO SE PLAINTIFF'S SUMMARY

You cannot represent your children in court without an attorney, you can only represent yourself. Your complaint is sufficient to be served now upon the Grass Valley School District as to your First Amendment claim only. Your remaining claims cannot proceed because they are either legally impermissible or factually unsupported.

You are being given a choice: you may *either* (1) move forward with the complaint on the basis of the First Amendment claim only, on behalf of yourself and against the Grass Valley School District only; *or* (2) you may amend the complaint to try to fix the problems with other claims. If you choose to go forward now on the First Amendment claim only against the School District, you will be voluntarily dismissing your other claims and Officer Perry. You must complete and return the attached form, notifying the court of your decision, within 14 days of this order.

If you choose to amend the complaint you will have 30 days to submit an amended complaint that fixes the problems described above. If you submit an amended complaint, it needs

to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell if you can state a claim against each of the named defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is ORDERED within 14 days to complete and return the attached form notifying the court indicating whether he wishes to proceed on the complaint against Grass Valley School District as to his First Amendment claim only, dismissing all other claims, or whether he wishes to file an amended complaint; and

3. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

IT IS SO ORDERED.

DATED: June 17, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES J. BICKING, IV,

           Plaintiff,

     v.

GRASS VALLEY SCHOOL DISTRICT, et al.,

           Defendants.

No.  2:26-cv-2011 TLN AC PS

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

_____ Plaintiff Charles J. Bicking, IV wants to proceed immediately on his § 1983 First Amendment claim against Grass Valley School District, on his own behalf only, without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims against defendants pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiffs want to amend the complaint.

DATED:_____

                                              _____
                                              Charles J. Bicking, IV
                                              Plaintiff pro se